**UNITED STATES of America,**
**Plaintiff,**

v.

**Casey STITES, Defendant.**

**Cr. No. 11908.**

United States District Court
D. Hawaii.

June 5, 1964.

Herman T. F. Lum, U. S. Atty., for District of Hawaii, by T. S. Goo, Asst. U. S. Atty., for plaintiff.

John E. Ahrens, Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

An Indictment has been returned in this District against defendant, Casey Stites, in four Counts, each Count charging him with a violation of 18 U.S.C. § 656, during the year 1963.

Each Count alleges that at all material times defendant was an employee of an insured bank as that term is defined in 18 U.S.C. § 656. Counts I and II allege that defendant, with intent to injure and defraud said bank, did wilfully and unlawfully cause to be misapplied, and Counts III and IV allege that defendant, with like intent, did wilfully, knowingly and unlawfully cause to be abstracted, purloined and misapplied certain of the "monies, funds and credits of the bank entrusted to its care and custody" in that, "by reason of his position as such employee," he did certain acts without authority from the bank which resulted in one William R. Stevenson, Jr.'s ob-

taining such monies from the bank, which monies were lost to the bank and were divided between defendant and said William R. Stevenson, Jr.

Defendant moved the Court to dismiss each of said Counts "on the ground that each respective count fails to charge an offense against the Defendant in that in each of said counts it affirmatively appears that the Defendant in his capacity as an employee of the Bank did not permit or authorize the misapplication of funds, nor did he cause the funds to be paid to William R. Stevenson, Jr."

In his memorandum in support of said Motion, defendant contends that, inasmuch as each Count alleges that Stevenson was the one who actually presented the withdrawal receipts and checks to the tellers and cashiers of the bank and does not allege that Stevenson was an officer, director, agent or employee or connected in any capacity with the bank, Stevenson could not be charged with an offense under 18 U.S.C. § 656 and that, therefore, defendant cannot be charged as a principal under 18 U.S.C. § 2(b), even if defendant caused Stevenson to wrongfully obtain such monies from the bank.

The Court has heretofore denied said Motion. At the time of doing so the Court announced that it would file an opinion setting out its reasons for so ruling.

18 U.S.C. § 656, so far as material here, provides as follows:

"Whoever, being an * * * employee of * * * an insured bank, * * * embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank-or any moneys, funds, assets or securities intrusted to the custody or care of such bank, * * * "

shall be guilty of an offense.

Count I charges that defendant obtained and delivered to Stevenson a savings account passbook issued by said bank in the joint names of two other persons and a sample signature of one of said other persons, that Stevenson pre-pared a savings withdrawal receipt in a certain amount of money against said account, forged thereon the name of the person whose sample signature had been so furnished him, presented said passbook and receipt to a teller of said bank and obtained said amount of money.

Count II charges a like series of acts by defendant and Stevenson as to a savings account of another person, and the obtaining of the amount of money involved from said bank.

18 U.S.C. § 2 provides as follows:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Although Counts I and II do not contain the words, aid and abet, and a part of the relationship between defendant and Stevenson is left to inference, the Court is of the view that said Counts sufficiently allege that Stevenson at least aided and abetted defendant in defendant's wilfully misapplying the amounts of money involved therein.

18 U.S.C. § 2 was amended in 1951 to read as set out above. Prior to the amendment, that section read as follows:

"(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.

"(b) Whoever causes an act to be done, which if directly performed by him would be an offense against the United States, is also a principal and punishable as such."

The purpose of the amendment is set out in Senate Report 1020, 82nd Congress, 1st Session, 1951, 2 United States Code Congressional and Administrative Service, pp. 2578, 2583, as follows:

"This section is intended to clarify and make certain the intent to punish

aiders and abettors regardless of the fact that they may be incapable of committing the specific violation which they are charged to have aided and abetted. Some criminal statutes of title 18 are limited in terms to officers and employees of the Government, judges, judicial officers, witnesses, officers or employees or persons connected with national banks or member banks.

"Section 2(b) of title 18 is limited by the phrase, 'which if directly performed by him would be an offense against the United States,' to persons capable of committing the specific offense. Section 2(a) of such title, while not containing that language, is open to the inference that it also is limited in application to persons who could commit the substantive offense. If regarded as a definitive section, the section makes the aider and abetter a 'principal.' It has been argued that one who is not a bank officer or employee cannot be a principal offender in violations of section 656 or 657 of title 18 and that, therefore, persons not bank officers or employees cannot be prosecuted as principals under section 2 (a).

"Criminal statutes should be definite and certain."

Thus, it is clear that Stevenson, although not connected with the bank, could be punished as a principal. These Counts allege that defendant at least aided and abetted Stevenson. Stevenson being punishable as a principal, defendant is punishable as a principal, having aided and abetted him.

Count III charges that defendant forged the name of a person who maintained a checking account at said bank as maker of a check in a certain amount of money payable to Stevenson and delivered it to Stevenson, and that Stevenson endorsed the same and cashed it at said bank.

Count IV charges that defendant delivered to Stevenson a cashier's check of said bank, for a certain amount of money, payable to a third person, which check had been stolen from said bank by defendant and the name of the issuing officer forged thereon by defendant, and that Stevenson endorsed and cashed said check and received said amount of money from said bank. It is not alleged that the payee was a real person and that he did not give Stevenson authority to endorse and cash said check.

Although it can be inferred from the allegations of Counts III and IV that Stevenson had guilty knowledge of the alleged acts of defendant, no such knowledge is alleged. Therefore, it cannot be said that either Count states facts sufficient to constitute Stevenson an aider and abettor of defendant so defendant is not punishable as an aider and abettor of Stevenson. However, it is clear that, even assuming that Stevenson was an innocent actor, defendant abstracted, purloined and wilfully misapplied at least a portion of each of said amounts of money and is punishable as a principal under 18 U.S.C. § 2(b) which provides as follows:

"Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

The Court having concluded that defendant is punishable under Counts I and II as an aider and abettor of Stevenson, it is unnecessary to consider whether defendant is punishable under those Counts under the above theory as to Counts III and IV.